UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANNY BALDA,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-06699-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On August 23, 2026, proceeding through counsel, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) On August 24, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

/////

On August 25, 2026, respondents filed an opposition. (Doc. No. 6.) In that opposition, respondents state they "maintain that detention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," and also "preserve the position that such provision governs here." (*Id.* at 1.) However, respondents further acknowledge that recent Ninth Circuit precedent "*Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th__, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention" and assert that petitioner is only entitled to request a custody redetermination hearing before an immigration judge. (*Id.*) Respondents have not stated any opposition to the court ruling directly on the merits of the underlying petition, and the court will do so based upon the briefing presently before it.

Based on the parties' briefing, the court finds the following facts. On or about May 8, 2023, petitioner entered the United States. (Doc. No. 1 at ¶ 20.) Shortly thereafter, he was briefly detained by immigration authorities, released into this country on his own recognizance, and enrolled in the Alternatives to Detention ("ATD") program which required him to periodically report in-person to ICE officials. (*Id.* at ¶¶ 21–22; Doc. No. 6-1 at 2.) On or about August 4, 2026, petitioner appeared for an in-person check-in where ICE officials re-detained him after they determined that petitioner had been arrested by local law enforcement and that arrest violated the conditions of his ATD program. (Doc. No. 6-1 at 2.)

In light of the evidence that petitioner was previously released, the court also incorporates and adopts the reasoning set forth in order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, *2–5 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention without a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

/////

a. Respondents are ORDERED to immediately release petitioner Sanny Balda, A-File No. 240-431-038, from respondents' custody on the same conditions he was subject to prior to his re-detention on or about August 4, 2026;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

c. Petitioner's request for attorneys' fees is DENIED without prejudice to renewal on a properly noticed and supported motion;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE